JOHN S. DE HART et al., executors, &c., respondents,

*v.*

CHARLES R. DE HART, executor, &c., appellant.

[Argued November 27th, 1905.   Decided June 18th, 1906.]

An agent having authority to invest the money of his principal is bound not only to act in good faith, but to exercise ordinary diligence and such care and skill as is ordinarily possessed and employed by persons of common capacity engaged in the same business.

On appeal from a decree of the court of chancery, advised by Vice-Chancellor Stevens, who filed the following opinion:

William S. Cooper executed two bonds and mortgages for $1,000 each to Thomas S. Godwin. They are dated October 15th, 1890, and were assigned to complainants' testatrix, Sarah E. De Hart, on October 23d, 1890. The mortgages were both second mortgages on real estate in New York City. The first mortgages, held by the New York Life Insurance Company, were foreclosed in 1891, and the properties were bid in by the first mortgagee for less than the sums owing to it. Notwithstanding these foreclosures, either the mortgagor (Cooper) or the assignor of the second mortgages (Godwin) appears to have paid interest on them up to the death of Sarah E. De Hart. This interest was paid to her, not directly, but through Charles C. De Hart, of whom the defendant is executor. No part of the principal has been paid; the mortgagor is dead, and his estate is probably insolvent. It is admitted that the money paid for the assignment of the mortgages belonged to Mrs. De Hart; that it was actually paid to the assignor, in Mrs. De Hart's absence, by Charles De Hart, and that he held possession of the mortgages and assignments up to the time of his death.

The insistment of complainants, who are Mrs. De Hart's

executors, is that in making the above loan of $2,000 Charles C. De Hart acted as Sarah De Hart's agent; that he was entrusted not only with the money itself, but with its investment, and that it was lost through his culpable negligence. The insistment of defendant is that the proof falls short of showing that Charles De Hart stood in a fiduciary relation to his sister-in-law; that all that it shows is that he had the money, and that he handed it over to the assignee of the mortgagor; that it does not show that the investment may not have been her own, made at her instance or with her approval.

Because of the death of the actors, direct proof, either way, is wanting. I think, however, that the circumstances sufficiently indicate that Charles De Hart was something more than a mere conduit for the transmission of the money.

The undisputed facts are these: Mrs. De Hart's husband had died many years before. She cultivated a farm, and was a woman of considerable means. Charles De Hart, who was her brother-in-law, lived not far away, and was himself a farmer and a business man. She appears to have consulted and trusted him in matters of business. He invested other money for her about the time the money in question was invested, and he not only invested the money, but retained the securities. He told the Rev. Mr. Honeyman that he had invested for her, and that he could invest and get good securities for her in the future, if necessary. Just before the assignments were made, he said to Mr. Sire, the attorney who drew the papers, that he had $2,000 belonging to Sarah E. De Hart, with which he proposed to take the assignments, and that he had been up to see the houses which constituted the security. He was informed by Sire that the mortgages were second mortgages. It further appears that Sire did not know Mrs. De Hart in the matter; that Charles De Hart did not put the assignments of the mortgages on record; that he collected and transmitted the interest; that he kept himself informed of a litigation which was undoubtedly the foreclosure of the first mortgages, and that after Mrs. De Hart's death, instead of making a full statement of what he knew, he told his co-executors that the mortgages were good and would soon be

paid; that there was litigation, and that he had been offered $1,800 for them. From these circumstances unexplained, it would seem that Charles De Hart was more than a mere conduit. The fair, and I think unavoidable, inference is that he was entrusted by complainants' testatrix with the making of the loan. That being the case it was his duty to see that the money was safely invested. He was bound not only to act in good faith, but to exercise ordinary diligence and such care and skill as is ordinarily possessed and employed by persons of common capacity engaged in the same business. *Story Ag.* § *183.* He failed to do this in two particulars. He took, as I have said, second mortgages, which within a year were shown to be worthless (see *Whitney* v. *Martine, 88 N. Y. 535; King* v. *Mackellar, 109 N. Y. 215*), and he failed to have the assignments recorded, and thereby deprived Mrs. De Hart of the benefit of a notice in the foreclosure proceedings—a notice that would have afforded her an opportunity of protecting herself if she saw fit. Subsequently he seems to have made, in addition, the unfortunate mistake of declining an offer of $1,800, which he said had been made to him, and of doing so without consulting his principal.

I am of opinion, on the facts disclosed, that the complainants are entitled to relief.

*Mr. Frederick H. Beach* and *Mr. Willard W. Cutler,* for the appellant.

*Mr. James H. Neighbour,* for the respondents.

PER CURIAM.

The decree appealed from is affirmed, for the reasons stated in the opinion delivered in the court of chancery by Vice-Chancellor Stevens.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—14.

*For reversal*—None.